PER CURIAM.
On Rehearing Granted
The appellee’s motion for rehearing is granted.
In 1994, as provided by their marital settlement agreement, the appellant Westring and his then-wife executed a quitclaim deed conveying title to their home, which he had owned before the marriage, from the entire-ties back to Westring individually. Notwithstanding that no money changed hands, and even though the parties’ liability on the outstanding mortgage was not affected, Westring paid a documentary stamp tax, as purportedly required by section 201.02(1), Florida Statutes (1993), based upon the “consideration” represented by the amount *172 of that mortgage.[1] In this proceeding, Westring, suing individually and as the representative of a purported class of similar taxpayers, sought declaratory and injunctive relief and a refund, contending that the tax was invalidly imposed. The Department of Revenue moved to dismiss on the grounds that no claim for a refund had been filed, and that the complaint failed to state a cause of action because the tax was, as a matter of law, properly exacted. The trial court dismissed the action solely on the first ground, and Westring appeals. We affirm.
Under the authority of State ex rel. Victor Chemical Works v. Gay, 74 So.2d 560 (Fla.1954), Westring is required to file a claim for a refund pursuant to section 215.26, Florida Statutes (1993), before he may invoke the jurisdiction of the circuit court. In Victor Chemical Works, the supreme court, in dealing with the statute at issue here, quoted with approval a discussion from one of its previous cases regarding statutes of non-claim arising in the probate context: “where no exemption from the provisions of a statute exist, the court is powerless to create one.” Id. at 563 (internal citations omitted). The court recognized that the nature of non-claim statutes is to preclude a right of action unless and until the claim is filed and, of course, filed within the time permitted by statute.
As the Department of Revenue correctly notes, Westring is still within the three-year statutory non-claim period provided by section 215.26, Florida Statutes (1993). Accordingly, the lower court’s order dismissing Westring’s complaint is affirmed without prejudice to Westring to apply for a refund in accord with the applicable statutory provisions.
SCHWARTZ, C.J., and NESBITT, J., concur.

. § 201.02 Tax on deeds and other instruments relating to real property or interest in real property.—
(1) On deeds, instruments, or writings whereby any lands, tenements, or other real property, or any interest therein, shall be granted, assigned,. transferred, or otherwise conveyed to, or vested in, the purchaser or any other person by his direction, on each $100 of the consideration therefor the tax shall be 70 cents. When the full amount of the consideration for the execution, assignment, transfer, or conveyance is not shown in the face of such deed, instrument, document, or writing, the tax shall be at the rate of 70 cents for each $100 or fractional part thereof of the consideration therefor. For purposes of this section, consideration includes, but is not limited to, the money paid or agreed to be paid; the discharge of an obligation; and the amount of any mortgage, purchase money mortgage lien, or other encumbrance, whether or not the underlying indebtedness is assumed. If the consideration paid or given in exchange for real property or any interest therein includes property other them money, it is presumed that the consideration is equal to the fair market value of the real property or interest therein.
§ 201.02(1), Fla.Stat. (1993)(emphasis supplied).