691 So.2d 1173 (1997)
STATE of Florida, DEPARTMENT OF REVENUE, Appellant,
v.
Nariela C. BAUTA, f/k/a Nariela C. Barreira, Appellee.
No. 96-224.
District Court of Appeal of Florida, Third District.
April 23, 1997.
Robert A. Butterworth, Attorney General, and Jarrell L. Murchison and Elizabeth T. Bradshaw, Assistant Attorneys General, for appellant.
Robles & Gonzalez and Ervin A. Gonzalez and Juan P. Bauta, II, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and COPE, JJ.
COPE, Judge.
The Florida Department of Revenue appeals a final declaratory decree in a class action which declared invalid the assessment and collection of certain documentary stamp taxes. We reverse on authority of Westring v. State, 682 So.2d 171 (Fla. 3d DCA), review denied, 686 So.2d 583 (Fla.1996).
As was true in the Westring case, Bauta and her former husband owned their home during their marriage, which they had acquired by a mortgage loan. Subsequently the parties divorced and Bauta's former husband agreed to convey his interest in the marital home to Bauta. In order to record the quit claim deed from the former husband to Bauta, Bauta was required to pay a documentary stamp tax in the amount of $210. This amount was calculated based on the already-existing mortgage, which the Department of Revenue interprets as being "consideration" *1174 for purposes of subsection 201.02(1), Florida Statutes (1993).[*]
Bauta filed her complaint for declaratory judgment individually and as a class action, challenging the Department of Revenue's interpretation of subsection 201.02(1). The trial court certified a class and, on the merits, ruled that the Department had misinterpreted the statute. The Department has appealed.
As was true in Westring, we conclude that Bauta was required to file a claim for refund before invoking the jurisdiction of the circuit court. See Westring, 682 So.2d at 172; see also § 72.011, Fla. Stat. (1993). This Court's reversal is without prejudice to Bauta to apply for a refund in accordance with the applicable statutory provisions. See 682 So.2d at 172.
Assuming that after denial of refund Bauta refiles the action, and assuming that the trial court adheres to its view that class action treatment is appropriate, the court will necessarily need to confront the issue of class definition. The Department argues that the same logic which is applicable to Ms. Bauta is applicable to all class members. That is, where the tax has already been paid, it is necessary for the taxpayer first to request a refund and receive a denial before proceeding in circuit court. The Department argues that the only possible class members would be the class of those persons who have made timely application for a refund. Bauta argues that as a practical matter such an approach would render the class action mechanism a nullity in this context.
We suggest that, should this matter again proceed to a class certification hearing, the parties address whether the class representative may, once a class is certified, be authorized to submit a refund request on a class basis. The parties have not addressed this issue in this appeal, and the record has not been developed so as to indicate whether such an approach would be workable or desirable. We express no view on the merits, but only suggest that this issue be addressed in the trial court, assuming that the prerequisites for a class action are otherwise satisfied.
The final judgment is reversed and the cause remanded with directions to dismiss without prejudice.
NOTES
[*] Subsection 201.02(1), Florida Statutes (1993), states:

On deeds, instruments, or writings whereby any lands, tenements, or other real property, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or any other person by his or her direction, on each $100 of the consideration therefor the tax shall be 70 cents. When the full amount of the consideration for the execution, assignment, transfer, or conveyance is not shown in the face of such deed, instrument, document, or writing, the tax shall be at the rate of 70 cents for each $100 or fractional part thereof of the consideration therefor. For purposes of this section, consideration includes, but is not limited to, the money paid or agreed to be paid; the discharge of an obligation; and the amount of any mortgage, purchase money mortgage lien, or other encumbrance, whether or not the underlying indebtedness is assumed. If the consideration paid or given in exchange for real property or any interest therein includes properly other than money, it is presumed that the consideration is equal to the fair market value of the real property or interest therein.