686 So.2d 778 (1997)
Judith A. NEMETH, Donald J. Nemeth and John L. Vitale, both individually and on behalf of all others similarly situated, Appellants,
v.
FLORIDA DEPARTMENT OF REVENUE, et al., Appellees.
No. 95-3096.
District Court of Appeal of Florida, Fourth District.
January 22, 1997.
Frederick D. Hatem, Port St. Lucie, for appellants.
Robert A. Butterworth, Attorney General, and Eric J. Taylor, Assistant Attorney General, Tallahassee, for appellees.
DELL, Judge.
Appellants, individually and on behalf of a class of others similarly situated, appeal from an order of dismissal with prejudice and final judgment entered on their amended complaint. Appellants challenge the constitutionality of the Florida Vehicle Impact Fee, section 320.072(1)(b), Florida Statutes (Supp. 1990), and seek a refund of the taxes paid under the statute. Appellants contend that the trial court erred in dismissing their complaint with prejudice because they failed to allege that they had filed a claim for refund as required by section 215.26(2), Florida Statutes (Supp.1994).[1] Appellants argue that Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994) controls this case, and that State ex rel. Victor Chemical Works v. Gay, 74 So.2d 560 (Fla.1954) does not apply to their claims. We agree and reverse and remand this cause for further proceedings.
The trial court stated in its order of dismissal:
In my view Sex. 215.26(2) Fla. Stat. (sic) must be considered in light of State ex rel. Victor Chemical Works v. Gay, 74 So.2d *779 560 (Fla.1954). Of course that court dealt with a prior version of Section 215.26 and the facts involved the failure to file an application for a refund. In Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994), Florida's Supreme Court discounted the necessity to file a formal refund application.
Nonetheless, Kuhnlein did not overrule Victor Chemical's decision that 215.26(2) was a nonclaim statute. There is a substantial difference between a non-claim statute and a statute of limitations.
Even though I may feel it is unfair to treat the Plaintiffs and proposed class plaintiffs in this case differently from those who were afforded relief in Kuhnlein, I have a duty to follow the law as construed by appellate courts. Notwithstanding the equities, I conclude that Victor Chemical controls.
In Victor Chemical, the supreme court explained:
F.S. Section 215.26, F.S.A., is not, strictly speaking, a statute of limitations but is more in the nature of a statute of nonclaim. The application for refund is required to be made within one year after the right to such refund shall have accrued and if no application has been made, the right to any refund shall be barred.
....
In short it is the universal rule that a statute of non-claim runs from the time the taxes are paid and is not postponed until the legality of the tax has been judicially determined. 84 C.J.S., Taxation, § 639(c).
Id. at 562. The supreme court also rejected the argument that the taxpayers could not claim a refund because they did not know of the right to do so until the legality of the tax had been determined:
It is strongly urged by the relator that he could not file claim for refund because he did not know that his right to do so had accrued until there was a final determination of the legality of the tax by this Court. This contention is without merit.
....
The tax payer had the right to pay the tax and then seek refund after it was paid and bring a mandamus action to have the validity of the statute tested and to direct a refund of the taxes paid. The taxpayer was not required to wait until some stranger to him brought a proceeding to test the validity of the statute. It could have brought a single proceeding to determine the validity of the tax and for a refund. It knew that the tax had been imposed. It knew that it had paid the tax. It knew that it had the right to file an application for refund and if brought in time, a mandamus proceeding is one of the correct proceedings to determine the validity of the tax. It failed to file any claim or take any action within one year of the time of the payment[2] which is the time of the accrual of the right in this case and the claim involved is now barred by F.S. Section 215.26, F.S.A.
Id. at 564-65. We would affirm the trial court's order but for the supreme court's holding in Kuhnlein.
In Kuhnlein, the supreme court addressed a claim for refund of impact fees under a statute nearly identical to that considered sub judice. The supreme court held that persons who paid the impact fee pursuant to section 319.231, Florida Statutes (1991)[3] had standing to challenge the constitutionality of the statute and seek a refund for the taxes paid. It appears that the state argued in Kuhnlein, as it does here, that persons who sought a refund of fees lacked standing because they failed to comply with section 215.26, Florida Statutes (1993) by first filing a claim for refund with the Comptroller. The supreme court dispensed with the state's argument by stating:
Initially, the State argues that various plaintiffs below lacked standing to pursue *780 this case because they either have not paid the fee or have not requested a refund of any fee paid. We note that the trial court rejected the State's factual contentions with respect to some appellants, and the record adequately supports the judge's findings. We also do not believe there is any requirement that the plaintiff must pay the fee or request a refund, at least in the present case. The fact that these plaintiffs face penalties for failure to pay an allegedly unconstitutional tax is sufficient to create standing under Florida law.
Id. at 720.
Accordingly, we hold that this case must be reversed on the authority of Kuhnlein. However, we consider the applicability of section 215.26, Florida Statutes, to claims for refund of taxes paid to be a question of great public importance. We therefore certify the following question:
WHETHER DEPARTMENT OF REVENUE V. KUHNLEIN, 646 So.2d 717 (Fla. 1994) OVERRULED OR RECEDED FROM STATE EX REL. VICTOR CHEMICAL WORKS V. GAY, 74 So.2d 560 (Fla.1954) TO THE EXTENT THAT VICTOR CHEMICAL HOLDS THAT THE RIGHT TO A REFUND OF TAXES IS BARRED IF THE TAXPAYER FAILS TO MAKE A TIMELY CLAIM FOR REFUND AS PROVIDED IN SECTION 215.26, FLORIDA STATUTES?
Accordingly, we reverse and remand this cause for further proceedings.
REVERSED and REMANDED; QUESTION CERTIFIED.
KLEIN and STEVENSON, JJ., concur.
NOTES
[1] Section 215.26(4), Florida Statutes (Supp. 1994), provides "the exclusive procedure and remedy for refund claims between individual funds and accounts in the State Treasury."
[2] Section 215.26 has been amended to provide a three-year time limitation for filing of claims for refund.
[3] Section 319.231, Florida Statutes (1991) repealed and superseded section 320.072(1)(b). Section 319.231 imposed a $295.00 impact fee upon initial titling of a motor vehicle as opposed to its predecessor, section 320.072(1)(b) which imposed the $295.00 impact fee upon registration.