733 So.2d 970 (1999)
DEPARTMENT OF REVENUE, et al., Petitioners,
v.
Judith A. NEMETH, Donald J. Nemeth, et al., Respondents.
No. 89,909.
Supreme Court of Florida.
April 8, 1999.
*971 Robert A. Butterworth, Attorney General, and Eric J. Taylor, Assistant Attorney General, Tallahassee, Florida, and Josephine A. Schultz, Assistant General Counsel, Office of the Comptroller, Tallahassee, Florida, for Petitioners
Frederick D. Hatem, Port St. Lucie, Florida, for Respondents
Stephen J. Bronis and Sharon L. Kegerreis of Zuckerman, Spaeder, Taylor & Evans, LLP, Miami, Florida, and G. Richard Strafer of Quinon & Strafer, P.A., Miami, Florida, for the Certified Class in Leon v. Department of Revenue, Case No.96-0902-CA 23 (Fla. 11th Cir. Ct., Dade County), Amicus Curiae.
PER CURIAM.
We have for review Nemeth v. Department of Revenue, 686 So.2d 778 (Fla. 4th DCA 1997), in which the district court certified the following question as one of great public importance:
WHETHER DEPARTMENT OF REVENUE V. KUHNLEIN, 646 So.2d 717 (Fla.1994), OVERRULED OR RECEDED FROM STATE EX REL. VICTOR CHEMICAL WORKS V. GAY, 74 So.2d 560 (Fla.1954), TO THE EXTENT THAT VICTOR CHEMICAL HOLDS THAT THE RIGHT TO A REFUND OF TAXES IS BARRED IF THE TAXPAYER FAILS TO MAKE A TIMELY CLAIM FOR REFUND AS PROVIDED IN SECTION 215.26, FLORIDA STATUTES?
Id. at 780. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the negative except we expressly hold that a taxpayer's claim based solely upon the tax being unconstitutional may be filed in the appropriate court rather than with the Comptroller. However, because respondents Judith and Donald Nemeth[1] (Nemeths) failed to file suit challenging the constitutionality of section 320.072(1)(b) within the three-year time limit prescribed by section 215.26(2), Florida Statutes (Supp.1994), we quash the district court's decision reversing the trial court's order of dismissal with prejudice.

*972 MATERIAL FACTS AND PROCEEDINGS BELOW
The Nemeths filed a complaint, individually and on behalf of a class of others similarly situated, challenging the constitutionality of section 320.072(1)(b), Florida Statutes (Supp.1990).[2] The Nemeths also sought a refund from the Department of Revenue (DOR), the petitioner in this case, for the taxes paid pursuant to the statute. DOR filed a motion to dismiss the complaint, alleging that the Nemeths failed to comply with section 215.26. Relying on this Court's decision in Victor Chemical, DOR contended that the Nemeths had not filed for a refund with the Comptroller or its agent, and consequently the court lacked jurisdiction to hear the case. Additionally, DOR alleged that pursuant to section 215.26(2), the Nemeths could no longer seek a refund from the Comptroller because more than three years had elapsed since the date of each respondent's payment. Section 215.26(2) requires a taxpayer to file an application for a refund within three years after the right to such refund accrues.[3] Under Victor Chemical, the right to the refund accrued on the date the Nemeths paid the tax. 74 So.2d at 562.
The trial court in this case dismissed the complaint[4] for failure to allege a timely claim for refund as required by section 215.26(2). The trial court reasoned:
In my view, [section] 215.26 Fla. Stat. must be considered in light of State ex rel. Victor Chemical Works v. Gay, 74 So.2d 560 (Fla.1954). Of course that court dealt with a prior version of Section 215.26 and the facts involved the failure to file an application for a refund. In Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994), Florida's Supreme Court discounted the necessity to file a formal refund application.
Nonetheless, Kuhnlein did not overrule Victor Chemical's decision that 215.26(2) was a non-claim statute. There is a substantial difference between a non-claim statute and a statute of limitations.
Even though I may feel it is unfair to treat the Plaintiffs and proposed class plaintiffs in this case differently from those who were afforded relief in Kuhnlein, I have a duty to follow the law as construed by appellate courts. Notwithstanding the equities, I conclude that Victor Chemical controls.
Nemeth, 686 So.2d at 778-79.
On appeal, the district court reversed and remanded based on our decision in Kuhnlein. The district court held that Victor Chemical, which barred a taxpayer's claim because the taxpayer failed to satisfy the requirements of a prior version of section 215.26, was not applicable to the instant case in light of Kuhnlein. In particular, the court relied upon the following language in Kuhnlein:
Initially, the State argues that the various plaintiffs below lacked standing to pursue this case because they either *973 have not paid the fee or have not requested a refund of any fee paid. We note that the trial court rejected the State's factual contentions with respect to some appellants, and the record adequately supports the judge's findings. We also do not believe there is any requirement that the plaintiff must pay the fee or request a refund, at least in the present case. The fact that these plaintiffs face penalties for failure to pay an allegedly unconstitutional tax is sufficient to create standing under Florida law.
Nemeth, 686 So.2d at 779-80 (quoting Kuhnlein, 646 So.2d at 720). Notwithstanding its decision, the Fourth District certified to this Court the question referred to above as one of great public importance. Nemeth, 686 So.2d at 780.

LAW AND ANALYSIS
Like the trial court and district court in this case, Florida's district courts appear to be in disagreement over whether Kuhnlein altered the decision in Victor Chemical and, consequently, the refund process established by section 215.26. Some courts have read Kuhnlein as creating an exception to the general rule that requires a party first to seek and be denied a tax refund before filing suit for a refund. See Nemeth; Public Medical Assistance Trust Fund v. Hameroff, 689 So.2d 358 (Fla. 1st DCA 1997). Other courts have held in accord with Victor Chemical that a taxpayer must file a claim for a refund pursuant to section 215.26 before invoking the jurisdiction of the court. See State Department of Revenue v. Bauta, 691 So.2d 1173 (Fla. 3d DCA 1997); Westring v. Department of Revenue, 682 So.2d 171 (Fla. 3d DCA), review denied, 686 So.2d 583 (Fla. 1996).

Kuhnlein and Victor Chemical
While Kuhnlein and Victor Chemical appear to be in conflict on the issue of whether a party must first seek and be denied a tax refund before filing suit for a refund, we find the cases distinguishable. At bottom, the most significant distinction is that the plaintiffs in Kuhnlein, unlike the plaintiffs in Victor Chemical, challenged the constitutionality of an involuntarily paid tax within the time limits prescribed by the applicable version of section 215.26, Florida Statutes. In Victor Chemical, a taxpayer brought a mandamus action seeking a refund of taxes that had been voluntarily paid under a statute that had been held invalid in a prior decision. 74 So.2d at 561. We held that the taxpayer's right to a refund under section 215.26 accrued upon payment of the tax rather than at the time the tax was declared illegal. Id. at 562. Therefore, we found the claim barred because the taxpayer failed to file for a refund with the Comptroller within one year of the payment as provided for in the controlling version of section 215.26. Id. at 565.
On the other hand, in Kuhnlein we rejected DOR's argument that class members could not seek a refund of a vehicle impact fee because they failed to comply with the requirements in section 215.26. 646 So.2d at 720. Despite the failure of the class members to apply for a refund from the Comptroller in accordance with the statute, we concluded that they could proceed with the class action challenge of the tax and sue for a refund. Id. at 721. Our decision established that in cases where the plaintiff is challenging the constitutionality of an involuntarily paid tax and seeking a refund for the same the taxpayer need not comply with the "administrative" requirements in section 215.26. Id. However, while our decision did not squarely address or extend to the time requirements in section 215.26(2), nonetheless the class members there sought a refund within the mandated three-year period. Here, the class members did not.

Future Claims
In order to avoid the recurrence of this issue in similar situations in the future,[5] *974 we expressly hold that a Florida taxpayer may file directly in the appropriate court without filing an administrative claim pursuant to section 215.26 if the sole basis claimed for the refund is that the tax is unconstitutional. We recognize that the Comptroller cannot declare a tax unconstitutional, and thus, when the claim is solely that the refund is required because the tax is unconstitutional, to file the claim with the Comptroller would be a futile act.[6]
The claim based solely upon the constitutionality of the tax must be commenced by filing in the appropriate court[7] within the time requirements set forth in section 215.26(2), that is, "within 3 years after the right to refund has accrued." Our holding in Kuhnlein did not eliminate the need to comply with the time requirements in section 215.26. Instead, we merely found that meeting the administrative requirements of section 215.26 was unnecessary. 646 So.2d at 720. Therefore, we now explicitly hold that a plaintiff challenging the constitutionality of a tax statute and seeking a refund, while not required to file with the Comptroller, must still file suit within three years of payment as required by section 215.26(2).[8]
We recognize that our holding appears to conflict with section 215.26(4), which provides that the statute is "the exclusive procedure and remedy for refund claims between individual funds and accounts in the State Treasury." However, we find no inconsistency because the statute is only the exclusive remedy for tax refunds which the Comptroller is actually empowered to make, such as refunds for overpayment, section 215.26(1)(a); when no tax is due, section 215.26(1)(b); or for payments made in error, section 215.26(1)(c); but not for taxes that might violate the constitution.

Federal Due Process Requirements
When the requirements outlined above are met, as they were in Kuhnlein, we conclude that the failure to comply with the "administrative" prerequisites of section 215.26 does not preclude the action. While this result is not mandated by federal law, we believe federal law permits it. The United States Supreme Court has *975 held that due process requires states to provide meaningful backward-looking relief or a clear and certain remedy when they place taxpayers under duress to pay a tax ultimately found unconstitutional. McKesson Corp. v. Division of Alcoholic Beverages & Tobacco, 496 U.S. 18, 31, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990).
We find that section 215.26 provides adequate post-deprivation relief so as to comport with federal due process standards. We reach this conclusion primarily because McKesson refers to section 215.26 as an example of a statute that imposes permissible procedural requirements on post-deprivation relief. 496 U.S. at 45 n. 28; see also Newsweek, Inc. v. Florida Department of Revenue, 522 U.S. 442, 118 S.Ct. 904, 905, 139 L.Ed.2d 888 (1998) (noting that Court has interpreted section 215.26 as providing "a postpayment remedy"). Additionally, the Court recognized in Reich v. Collins, 513 U.S. 106, 115 S.Ct. 547, 130 L.Ed.2d 454 (1994), that Georgia's tax refund statute,[9] which is similar to section 215.26, provided a clear and certain post-deprivation remedy. Id. at 111. Moreover, other jurisdictions with like statutes have found them in accord with the due process requirements outlined in McKesson. See, e.g., Commonwealth Revenue Cabinet v. Gossum, 887 S.W.2d 329 (Ky.1994); American States Insurance Co. v. State Dep't of Treasury, 220 Mich.App. 586, 560 N.W.2d 644 (1996); Marx v. Broom, 632 So.2d 1315 (Miss.1994); Atkins v. Department of Revenue, 320 Or. 713, 894 P.2d 449 (1995); Stone v. Errecart, 165 Vt. 1, 675 A.2d 1322 (1996).
As a final comment, the Court noted in McKesson that "the State is free ... to provide broader relief as a matter of state law than is required by the Federal Constitution." 496 U.S. at 52 n. 36. In the end, we believe that Florida, as evidenced by our decision in Kuhnlein, not only satisfies McKesson's due process requirements but indeed provides broader post-deprivation relief to taxpayers who meet the requirements outlined above.

CONCLUSION
We answer the certified question in the negative, quash the Fourth District's decision reversing the trial court's order of dismissal with prejudice, and remand this case for proceedings consistent herewith.
It is so ordered.
HARDING, C.J., SHAW, WELLS and ANSTEAD, JJ., and OVERTON, Senior Justice, concur.
NOTES
[1] The respondents, plaintiffs below, are the Nemeths and others who, like the Nemeths, paid an impact fee pursuant to section 320.072(1)(b), Florida Statutes (Supp.1990). For ease of reference, the respondents will be referred to collectively as "the Nemeths."
[2] Section 320.072(1)(b), which was effective from July 1, 1990, to June 30, 1991, provided:

(b) In addition to the fee imposed by paragraph (a), there is imposed an additional $295 impact fee upon the initial application for registration pursuant to s. 320.06 of every motor vehicle classified in s. 320.08(2), (3), and (9)(c) and (d).
In 1991, section 320.072(1)(b) was repealed and superseded by section 319.231. Ch. 91-82, § 9, Laws of Fla. This Court held the impact fee imposed pursuant to section 319.231 unconstitutional and thus void from its inception in Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994).
[3] "Application for refunds as provided by this section must be filed with the Comptroller, except as otherwise provided in this subsection, within 3 years after the right to the refund has accrued or else the right is barred." § 215.26(2), Fla. Stat. (Supp.1994).
[4] The trial court initially dismissed the Nemeths' complaint without prejudice based on section 215.26 and Victor Chemical. The Nemeths thereafter filed an amended complaint which the court also dismissed.
[5] Somewhat to our surprise, we were informed at oral argument that the Nemeths have received refunds of their $295 impact fee, presumably as a result of a legislative claims bill. See ch. 96-243, Laws of Fla. (1996). That act became law on May 28, 1996, and was effective until May 28, 1997. In the claims bill itself, the legislature directed the Department of Highway Safety and Motor Vehicles to establish a refund program for taxes paid pursuant to section 320.072(1)(b), Florida Statutes (Supp.1990), between July 1, 1990, and June 30, 1991. Cf. State ex rel. Butterworth v. Kenny, 714 So.2d 404, 406 n. 2 (Fla.1998) (citing well-settled rule that "mootness does not destroy appellate court's jurisdiction when questions raised are of great public importance or likely to recur"); Rivera v. Singletary, 707 So.2d 326, 327 n. 6 (Fla.1998) (same); Holly v. Auld, 450 So.2d 217, 223 n. 1 (Fla.1984) (same).
[6] If the refund is claimed on any other basis, there must be compliance with section 215.26, and this decision in no way alters that requirement.
[7] See Florida Rule of Civil Procedure 1.050 (1998) (providing in pertinent part that "[e]very action of a civil nature shall be deemed commenced when the complaint or petition is filed").
[8] In this manner, we conform our decision to our holding in Reynolds Fasteners, Inc. v. Wright, 197 So.2d 295, 298 (Fla.1967), that "a taxpayer seeking refund of tangible personal property taxes illegally or improperly collected must proceed within the three-year limitation period prescribed in Sec. 95.11(5)(e)." Although dealing with Florida's statute of limitations, section 95.11, in reaching our decision, we cited approvingly the First District's construction of section 215.26 in Florida Livestock Board v. Hygrade Food Products Corp., 145 So.2d 535 (Fla. 1st DCA 1962). Specifically, we agreed with the First District's holding that "[s]ince Hygrade failed to exhaust its administrative remedy by filing an application for refund of the inspection fees paid by it pursuant to the provisions of and within the time required by the statute, its right to the relief prayed for in its complaint is barred." Reynolds Fasteners, 197 So.2d at 297 (quoting Florida Livestock, 145 So.2d at 538).
[9] "A claim for refund of a tax or fee erroneously or illegally assessed and collected may be made by the taxpayer at any time within three years after the date of the payment of the tax or fee to the commissioner." Ga.Code Ann. § 48-2-35(b)(1) (Supp.1998).