824 So.2d 197 (2002)
FLORIDA DEPARTMENT OF REVENUE, Appellant,
v.
Anahidia LEON, etc., et al., Appellees.
Nos. 3D01-1876, 3D01-2795.
District Court of Appeal of Florida, Third District.
June 19, 2002.
Rehearing and Rehearing Denied September 13, 2002.
*198 Robert A. Butterworth, Attorney General, and Eric J. Taylor, Assistant Attorney General, for appellant.
Zuckerman, Spaeder, Taylor & Evans, and Stephen J. Bronis, Miami; and G. Richard Strafer, Miami, for appellees.
Before FLETCHER, SHEVIN, and RAMIREZ, JJ.
Rehearing and Rehearing En Banc Denied September 13, 2002.
RAMIREZ, J.
The State of Florida, Department of Revenue, appeals a Final Summary Judgment in this class action against the Department, which orders it to refund all taxes paid by the appellees pursuant to section 212.0505, Florida Statutes (1987) because the statute was declared unconstitutional. We reverse this judgment because the appellees' lawsuit was untimely filed pursuant to section 215.26(2), Florida Statutes (2000).

I. Facts
In 1986, the Legislature enacted a sales tax on illegal narcotics. See Ch. 86-152, § 67, Laws of Florida (codified as Section 212.0505, Fla. Stat. (1987)). Under this statute, the State would assess a sales tax when it deemed that a person had engaged in the unlawful sale, use, possession, manufacture or distribution of certain named *199 controlled substances. The Department of Revenue was to collect this tax.
The statute withstood constitutional challenge in Harris v. Department of Revenue, 563 So.2d 97 (Fla. 1st DCA 1990). The Department continued to collect the tax until March 30, 1994, when the Supreme Court of Florida declared section 212.0505 unconstitutional in Department of Revenue v. Herre, 634 So.2d 618 (Fla. 1994), approving our decision in Herre v. Department of Revenue, 617 So.2d 390 (Fla. 3d DCA 1993). The supreme court also overruled Harris. See Herre, 634 So.2d at 621. After the supreme court's decision, the Department ceased imposing and collecting the tax.
The appellees in this case are the plaintiff class members in the circuit court, constituting the 815 taxpayers who, between 1986 and 1994, were identified by the Department as accused drug traffickers and served with jeopardy tax assessments under section 212.0505. The class members were notified that their assets would be frozen or seized if the tax and penalties were not immediately paid.
Most class members did not challenge the assessments or seek refunds within the short time periods prescribed by sections 72.011, providing an administrative remedy, or section 215.26, for applications for refund. Those who risked waiving their Fifth Amendment rights by administratively challenging the constitutionality of section 212.0505 were uniformly denied relief by the Department on the theory that administrative agencies, such as the Department of Revenue, could not declare statutes unconstitutional. One notable exception was Mark Herre, who resolved his underlying criminal case quickly and filed timely administrative and judicial challenges to the constitutionality of section 212.0505. He successfully persuaded this court that the statute was unconstitutional.
In 1996, the class plaintiffs sought refunds for the taxes and penalties paid between 1986 and 1994. The Department moved to dismiss the action because the plaintiffs had not previously filed administrative refund requests within 60 days and/or 3 years of payment, as required by sections 72.011 and 215.26, respectively. The plaintiffs, on the other hand, argued that federal constitutional law requires states to afford "meaningful" relief in the form of refunds to taxpayers who have been coerced into paying taxes pursuant to a statute later declared unconstitutional. See McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18, 22, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990). They argued that state law, including the procedures in sections 72.011 and 215.26, did not provide "meaningful" relief because use of the procedures would have been futile. They further argued that a cause of action for tax refunds could not be deemed to have "accrued" in this case until the Florida Supreme Court's Herre decision established that section 212.0505 was unconstitutional.
The only confidentiality provision in the statutory scheme, section 213.053, Florida Statutes (1987), merely prohibited private parties from gaining access to taxpayer information through public record requests. The remaining provisions of section 212.0505, however, ensured that this same information would be shared with state and federal law enforcement officials. Section 212.0505(6)(a) required the Department to "notify the state attorney of the appropriate circuit of an assessment made under this section." Under section 213.053(8), the Department was required to provide information about taxpayers either upon court order of the issuance of a subpoena by a State Attorney, a United States Attorney, a state or federal grand jury or a court in a criminal or even certain *200 civil proceedings or investigations. The Department was also authorized, under section 213.053(5), to share information with the Internal Revenue Service.
While the State collected the tax between 1986 and 1994, the Department would typically identify potential "taxpayers" from criminal arrest records and serve defendants charged with drug crimes with form "Notices of Assessment and Jeopardy Findings," demanding that they either pay the enormous taxes and ever-increasing penalties or file administrative appeals.
Sometime in early 1990, class representative Ana Leon allegedly purchased one kilogram of cocaine and a quantity of methamphetamine from an undercover agent and was criminally charged with trafficking in both drugs. On February 8, 1990, while the criminal charges were pending, the Department served Leon with its form "Notice of Assessment and Jeopardy Findings," alleging that she owed $45,798.75 in taxes and penalties, pursuant to section 212.0505. On March 21, 1991, the Department issued a revised Notice, lowering the amount due to $10,502.28. With her criminal case still pending, Leon paid the assessment. On November 21, 1991, Leon entered a guilty plea to a reduced charge of conspiracy to traffic in methamphetamine and was sentenced to serve one year incarceration, five years probation and a fine of $10,000.
Richard Munson received the same form "Notice" in May 1989, seeking $24,750 in taxes and penalties. Munson, unlike Leon, filed a timely administrative challenge to the assessment, but his appeal was denied. Due to his cooperation with state law enforcement authorities, however, the Department agreed to reduce the assessment to $7,500, which Munson paid.
Within months of the supreme court's March 1994 decision, class representatives Leon and Munson submitted refund requests to the Department. The Department denied their requests on the grounds that Leon's and Munson's administrative requests were untimely filed under section 215.26(2), which requires taxpayers to file for refunds within three years of when the right to a refund "accrued."
Each of the persons in the certified class, including the individual appellees, was sent a written assessment for the amount of the tax. The vast majority of the class failed to challenge their assessment within the 60 day period required by section 72.011(2), but some class members did challenge the assessment in a timely manner. A few challenges proceeded to formal administrative review, and the assessments were either upheld on review or the taxpayers reached settlements with the Department.
The circuit court granted class certification to the plaintiffs, granted their motion for summary judgment, denied the Department's motion for summary judgment and entered a final judgment for the plaintiffs.

II. Legal Discussion
Our decision is controlled by Department of Revenue v. Nemeth, 733 So.2d 970 (Fla.1999), where the Florida Supreme Court recognized that the administrative remedies provided by section 72.011 were inadequate because the Comptroller of the Department of Revenue could not declare a tax unconstitutional. The supreme court thus stated that "when the claim is solely that the refund is required because the tax in unconstitutional, to file the claim with the Comptroller would be a futile act." Id. at 974. Consequently, it held that a taxpayer may file suit directly in the appropriate court without filing an administrative claim pursuant to section 215.26 if the *201 sole basis asserted for the refund is the unconstitutionality of the tax. Id.
Section 215.26(2), however, provides that such a lawsuit must be commenced "within 3 years after the right to refund has accrued." The class members argue in this appeal that their right accrued when section 212.0505 was declared unconstitutional. We agree with the Department that the class members' right to refunds "accrued" at the time the taxes were paid. The plaintiffs filed their class action complaint on January 16, 1996.[1]
We are compelled to reverse because the Florida Supreme Court decided this issue of accrual in Nemeth when it held that "a plaintiff challenging the constitutionality of a tax statute and seeking a refund, while not required to file with the Comptroller [of the Department of Revenue], must still file suit within three years of payment as required by section 215.26(2)." Id. at 974. Nevertheless, the taxpayers argue that under McKesson, the State has not provided an adequate post-deprivation remedy. But the Florida Supreme Court rejected this argument in Nemeth, stating that "section 215.26 provides adequate post-deprivation relief so as to comport with federal due process standards." Id. at 975. In fact, the court cites the McKesson opinion for support, where the United States Supreme Court explained that states could impose procedural requirements on actions for post-deprivation relief. See McKesson, 496 U.S. at 45, 110 S.Ct. 2238.[2] Furthermore, the named plaintiffs in our case filed an amicus brief in the Nemeth case, in which they advanced the same arguments they are now urging upon us for affirmance, namely that McKesson mandates a refund of all payments made under the unconstitutional tax. The Florida Supreme Court evidently rejected this argument when it decided to enforce section 215.26 by requiring that suit be filed within three years of payment.
The taxpayers argue that the filing of refund forms and complaints would itself have incriminated them, relying on Awan v. Department of Revenue, 570 So.2d 1329 (Fla. 2d DCA 1990) as an example of how the attempt to seek a refund was met with discovery requests that would have incriminated them in their pending criminal cases. However, the named plaintiffs in our case had resolved their criminal actions long before the three-year limitation had expired. We are thus unconvinced that a taxpayer who has already paid a tax assessment would be additionally incriminated by seeking a refund.
Finally, we address the propriety of the class certification, as that issue may emerge on remand. The Department has insisted in its briefs that the taxpayers cannot seek a refund through a class action because a class representative is not the taxpayer, nor an heir, personal representative or assign of the taxpayer. We believe this argument was implicitly rejected in Department of Revenue v. Kuhnlein, 646 So.2d 717, 720 (Fla.1994), where the Florida Supreme Court stated: "The fact that these plaintiffs face penalties for failure to pay an allegedly unconstitutional tax is sufficient to create standing under Florida Law." The Department relies upon this Court's decision in Department of Revenue v. Bauta, 691 So.2d 1173, 1174 (Fla. 3d DCA 1997), "where the tax has already been paid, it is necessary for the *202 taxpayer first to request a refund and receive a denial before proceeding in circuit court." However, Nemeth held that taxpayers do not need to request a refund from the Department before proceeding in circuit court when the taxpayer's only basis for a refund is the unconstitutionality of the statute. See Nemeth, 733 So.2d at 974.

III. Conclusion
We therefore reverse the trial court's final summary judgment in favor of the taxpayers because the two named plaintiffs did not file the action within three years of payment of the disputed tax. On remand, the trial court may wish to entertain a motion to amend so that the plaintiffs may be substituted for those individuals who paid the tax within three years of the filing of this action, but as that procedure may present new issues not considered on this appeal, we express no views on its propriety.
NOTES
[1] The Department has acknowledged that 51 members of the class paid the tax within the preceding 3 year period (i.e., after January 16, 1993). Unfortunately for appellees, the named plaintiffs are not within this group.
[2] Section 215.26 is even cited as an example of a proper procedural time limitation. 496 U.S. at 45 n. 28, 110 S.Ct. 2238.