935 So.2d 536 (2006)
STATE of Florida, DEPT. OF REVENUE, Appellant,
v.
Roswell and Sage BRIDGER, jointly, and Louis J. Drotar, individually, Appellees.
No. 3D05-1784.
District Court of Appeal of Florida, Third District.
June 7, 2006.
Rehearing and Rehearing Denied September 5, 2006.
*537 Charles J. Crist, Jr., Attorney General, and Eric J. Taylor, Assistant Attorney General, and James A. McKee, Deputy Solicitor General, and Christopher M. Kise, Solicitor General, for appellant.
Zuckerman Spaeder, LLP, and Stephen J. Bronis, and Walter J. Tache, Miami, for appellees.
Before GREEN, RAMIREZ, and SHEPHERD, JJ.
Rehearing and Rehearing En Banc Denied September 5, 2006.
RAMIREZ, J.
In this class action lawsuit against the State of Florida's Department of Revenue, seeking tax refunds, the Department appeals a final judgment denying its motion for summary judgment and granting in part and denying in part appellees' motion for summary judgment. We affirm the final judgment, insofar as the doctrine of the law of the case prevents the Department from reasserting its previously rejected positions in this second appeal. However, because we agree with the taxpayers on their cross-appeal, that the trial court's final judgment is in conflict with our decision in Florida Department of Revenue v. Leon, 824 So.2d 197 (Fla. 3d DCA 2002), we reverse and remand.
The action in the trial court began as a class action lawsuit, seeking declaratory relief and refunds of all unconstitutionally imposed taxes collected by the Department under section 212.0505, Florida Statutes (Supp.1998), from 1986 through 1994. The pertinent facts are set out in Leon.
Between 1986 and 1994, the Department collected revenues from taxpayers pursuant to section 212.0505, which imposed a tax on unlawful transactions involving certain controlled substances. Id. at 198-99. The Florida Supreme Court declared this statute unconstitutional in Florida Department of Revenue v. Herre, 634 So.2d 618 (Fla.1994).
After the Florida Supreme Court's decision in Herre, the Department stopped imposing and collecting taxes under section 212.0505, however, it did not refund the unconstitutionally collected taxes to taxpayers. To obtain the refunds, a class action lawsuit was filed by a group of taxpayers against the Department. Leon, 824 So.2d at 199. The trial court held that the Department had imposed an unconstitutional tax, that Herre was to be enforced retrospectively, and that the Department was required to refund all taxes, penalties and interest collected from the class members. Id. at 200.
The Department appealed to this Court and contended that certain class members' claims were time barred, that the class members were required to exhaust administrative remedies before they could seek relief in the courts, and that taxpayers had *538 to file individual claims and could not use a class action lawsuit to seek a refund for an unconstitutional tax scheme. We reversed the trial court's final summary judgment in favor of the taxpayers because the two named plaintiffs did not file the action within three years of payment of the disputed tax. Id. at 201. However, this Court found that the class members were not required to exhaust administrative remedies and further found that a class action lawsuit could be used to seek a refund for an unconstitutional tax scheme. Id. at 200-01.
The Department then filed a motion for clarification, again arguing that the direct-file exception did not apply here, that no new class representatives could be substituted because a class action was inappropriate for this case, and that the filing of the class action had no effect on taxpayers other than the original class representatives. The Department further filed a notice of supplemental authority, arguing that Sarnoff v. Florida Department of Highway Safety and Motor Vehicles, 825 So.2d 351 (Fla.2002), supported its position that the class members did not have standing to bring this action. We denied the Department's motion for clarification.
On remand, appellees Roswell Bridger, Sage Bridger, and Louis Drotar sought to be substituted as new class members. The Bridgers received a tax assessment from the Department on or about August 6, 1990; Mr. Drotar received a tax assessment from the Department on or about September 20, 1989. The trial court granted leave to file a second amended complaint and to substitute new class representatives. Following substitution of the class representatives, the taxpayers moved for summary judgment and sought to have the trial court reinstate the judgment entitling them to declaratory relief and refund of the unconstitutionally imposed tax. The Department basically ignored this Court's opinion in Leon and sought to have the trial court address once again the issues considered by this Court in Leon.
The trial court eventually held that the Department acted unconstitutionally in collecting taxes from the taxpayers. The court also held that the direct-file exception outlined in Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994) and Department of Revenue v. Nemeth, 733 So.2d 970 (Fla.1999), allowed the taxpayers to bring their claims directly in the trial court and not have to exhaust administrative remedies. The trial court, however, granted refunds only to the Bridgers and other taxpayers who sought administrative relief from the Department or affirmatively intervened in this action within three years of their payment of the unconstitutional taxes.
The Department and the taxpayers now both appeal from the final judgment. The Department asserts the same issues already considered and rejected by this Court in Leon. The taxpayers cross-appeal the final judgment, contending that it improperly limited the relief granted to the Bridgers and those who filed individualized claims with the Department or affirmatively intervened in this action within three years of paying the unconstitutional tax. They claim that the relief granted should have extended to those who had paid the unconstitutional tax within the three years when this action had commenced, regardless of whether an administrative remedy had been pursued.
Under the law of the case doctrine, questions of law that actually have been decided on appeal must govern the case in the same court and in the trial court through all subsequent states of the proceedings. Wendel v. Wendel, 852 So.2d 277, 283 (Fla. 2d DCA 2003). "[P]oints of law adjudicated in a prior appeal are binding in order to promote stability of judicial *539 decisions and to avoid piecemeal litigation." Bueno v. Bueno de Khawly, 677 So.2d 3, 4 (Fla. 3d DCA 1996).
In the appeal before us, the law of the case governs three issues that were decided in the first appeal. First, the Department contends that the taxpayers failed to pursue the administrative remedies outlined in sections 215.26 and 72.011, Florida Statutes. Second, the Department contends that the "direct file" exception to these sections applies here. And third, the Department contends that class action treatment of such claims is not appropriate. We already have rejected these three arguments in Leon, and the doctrine of the law of the case bars relitigation of them.
We further note that Sarnoff was fully considered in the prior appeal when the Department filed its notice of supplemental authority, directing this Court's attention to consider Sarnoff. As such, Sarnoff is not an intervening decision that would serve to allow us to depart from the law of the case.
With regard to the taxpayers' cross-appeal of the final judgment, we find that the trial court did not apply the law of the case when it limited the relief to members of the class "who had timely filed for a refund within three years of the date of paying the subject taxes." In Leon, this Court stated that the class consisting of those taxpayers who had paid any taxes under the unconstitutional tax at issue and had made such payment within the preceding three-year period of when this action was originally filed (after January 16, 1993), could seek a refund based on the unconstitutionality of the tax. Leon, 824 So.2d at 200-01. This holding became the law of the case. A trial court has no discretion to change the law of the case. Brunner Enters., Inc. v. Dep't of Revenue, 452 So.2d 550, 552 (Fla.1984). Consequently, that portion of the trial court's final judgment which conflicts with this Court's decision in Leon was erroneous and is reversed and remanded so that the final judgment applies to all taxpayers who paid the unconstitutional tax within the three years when this action was commenced, regardless of whether they filed an administrative action.
For the foregoing reasons, the trial court's final judgment is affirmed, insofar as the law of the case precludes relitigation of the Department's positions. No exceptions to the doctrine apply here. However, because the final judgment conflicts with this Court's decision in Leon, we reverse and remand to the trial court with instructions that the trial court enter judgment for all taxpayers who paid the unconstitutional tax within the three years when this action was commenced and award them the refunds of all sales taxes, surcharges, penalties and interest collected under section 212.0505, Florida Statutes.
Affirmed in part; reversed in part and remanded with instructions.