SCHEB, Acting Chief Judge.
The trial court denied the Greco family’s motion seeking return of certain funds retained by the clerk of the court pursuant to sections 28.24(13) and 28.33, Florida Stat *507 utes (1985). The Greco family appeals. We affirm.
In 1979 the Greco family obtained a judgment for $10,290,546 in a dissenting shareholders action against the Tampa Wholesale Company. When the parties could not reach an agreement on disposition of the funds, Tampa Wholesale deposited this amount and some interest accumulations thereon into the registry of the court.
Section 28.24 states in pertinent part: The clerk of the circuit court shall make the following charges for services rendered by his office in recording documents and instruments and in performing the duties enumerated....
Charges
[[Image here]]
(13) For receiving money into the registry of the court:
(a)l. First $500, percent.2
2. Each subsequent $100, percent.1
Pursuant to this statutory directive, the clerk retained $102,910 from the funds placed in the registry.
Section 28.33 states in pertinent part: The clerk may invest monies deposited in the registry of the court and shall retain as income of the office of the clerk and as a reasonable investment management fee 10 percent of the interest accruing on those funds with the balance of such interest being allocated in accordance with the interest of the depositors.
In accordance with this statute, the clerk caused the funds to be invested and retained a management fee of approximately $30,000 from the interest earned for the six-month period between December 31, 1986, and July 8, 1987.
Thereafter, pursuant to the trial court’s order confirming a stipulation between the parties, the funds were transferred from the registry of the court and invested in a certificate of deposit issued by a bank. The clerk received no registry fee and no portion of the interest on the transaction.
In its motion requesting the return of the funds retained by the clerk, the Greco family asserted:
The statutes which authorize the Clerk to assess these amounts are unconstitutional, since they constitute a taking of Plaintiffs’ property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution. There is no reasonable basis or explanation for the amount of the assessment. See Webb’s Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155 [101 S.Ct. 446, 66 L.Ed.2d 358] (1980).
The court heard testimony from a representative of the clerk’s office who detailed the procedures involved in handling the funds deposited in the registry of the court. After argument of counsel, the trial court denied the Greco family’s motion, and this appeal ensued.
The Greco family members contend that sections 28.24(13) and 28.33 are unconstitutional. They argue here, as they did in the trial court, that the statutes violate the fifth and fourteenth amendments to the United States Constitution because they compel an unwarranted and unreasonable taking of private property without just compensation. We disagree.
A constitutional analysis always begins with the premise that all statutes are presumptively valid. The party challenging the constitutionality of a statute bears the burden of showing that the statute is unconstitutional beyond any reasonable doubt. State v. Kinner, 398 So.2d 1360 (Fla.1981). People’s Bank v. State, Dept. of Banking & Finance, 395 So.2d 521 (Fla. 1981). We do not find that the Greco family demonstrated the invalidity of either section 28.24(13) or section 28.33.
The Greco family members concede that normally the assessments required by sections 28.24(13) and 28.33 are unobjectionable. They argue, however, that these requirements become constitutionally impermissible where, as here, large amounts of money are involved. The evidence reveals that irrespective of the amount of funds deposited, the basic mechanics of the clerk’s handling of the registry transactions are similar. The responsibility, of *508 course, increases based on the amount involved.
In addressing the Greco family’s assault on the constitutionality of section 28.-24(13) we must consider whether the clerk was, in effect, accumulating revenues from the statutorily empowered fee far in excess of the cost of registry-related judicial proceedings. Murillo v. Bambrick, 681 F.2d 898, 911 (3rd Cir.), cert. denied, 459 U.S. 1017, 103 S.Ct. 378, 74 L.Ed.2d 511 (1982).
We think that the test we must apply here is whether there is a reasonable relationship between the legislature’s objective to offset costs of operating the court system by prescribing fees and the amount of fees imposed for the clerk's services. Webb’s Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 101 S.Ct. 446, 66 L.Ed.2d 358 (1980); Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572, reh’g denied, 411 U.S. 922, 93 S.Ct. 1551, 36 L.Ed.2d 315 (1973); Manes v. Goldin, 400 F.Supp. 23 (E.D.N.Y.1975), aff'd, 423 U.S. 1068, 96 S.Ct. 851, 47 L.Ed.2d 80 (1976). Here, the evidence reveals that the service charges assessed under section 28.-24(13) do not even cover the costs of operating the trust accounting department, just one of the departments in the clerk's office which share responsibility for processing and handling funds placed in the registry of the court.
We recognize here that the service charge collected pursuant to section 28.-24(13) may seem great because a large amount is involved. A litigant can make a persuasive policy argument in favor of a sliding scale of percentages applicable to larger amounts deposited in the registry. We believe, however, that such an argument must be addressed to the legislature as it is within its domain to establish reasonable service charges for our court system. We think that section 28.24(13) substantially advances a legitimate state interest and that the amount assessed under this statutory enactment in the present case was reasonably related to the costs of the court. Thus, we find that the amount charged did not constitute a taking of the Greco family’s property in violation of the federal or state constitution.
As to the constitutionality of section 28.33, the Greco family places reliance on Webb’s Fabulous Pharmacies, which we think is instructive on this point but not controlling. There the United States Supreme Court declared section 28.33, Florida Statutes (1977), unconstitutional. The 1977 version of section 28.33 provided that “All interest accruing from moneys deposited shall be deemed income of the office of the clerk of the circuit court investing such moneys — ” Webb’s Fabulous Pharmacies held that private funds, once deposited, did not become public funds. The court found that the earnings were an incident of ownership of the fund itself and were property just as the fund itself was property. The Court did not address whether a service charge or management fee based on the principal invested offended any constitutional requirement.
We think the situation presented here is distinguishable from Webb’s Fabulous Pharmacies. Here it is the Greco family’s funds, not the clerk’s office or the state, that gains the benefit of the interest earned. The Greco family members could have elected to immediately withdraw their money from the court registry. Had they done so the management investment fee would have been nominal. Instead, they allowed the fund to remain for some six months before obtaining a court order to place the proceeds in a bank issued certificate of deposit. In the meantime they gained the benefit of the income received from the clerk’s office having invested their principal in the state's pooled investment fund. The clerk, as custodian, bore the responsibility of record keeping and auditing in connection with the fund. We conclude that simply receiving a management fee of ten percent of the interest income produced by investing the funds as prescribed by the legislature does not constitute a taking of the Greco family’s property in violation of the federal or state constitution.
*509 Accordingly, we affirm the trial court’s order.
SCHOONOVER and THREADGILL, JJ., concur.