689 So.2d 361 (1997)
NEWSWEEK, INC., Appellant,
v.
DEPARTMENT OF REVENUE OF THE STATE OF FLORIDA, Lawrence H. Fuchs and Robert F. Milligan, Appellees.
No. 96-1882.
District Court of Appeal of Florida, First District.
February 18, 1997.
Rehearing Denied March 27, 1997.
Mark E. Holcomb, James M. Ervin, Jr., and Susan L. Turner of Holland & Knight, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Jarrell L. Murchison and Eric J. Taylor, Assistant Attorneys General; Joseph C. Mellichamp, III, Senior Assistant Attorney General, Tallahassee, for Appellees.
BARFIELD, Chief Judge.
Newsweek, Inc., appeals a final order in which the circuit court denied Newsweek's motion for summary judgment and granted the cross-motion for summary judgment of defendants Lawrence H. Fuchs, as Executive Director of the Department of Revenue, Robert F. Milligan, as Comptroller of the State of Florida, and the Florida Department of Revenue (collectively referred to as the Department), thereby denying Newsweek's request for a tax refund. Because we find no due process violation in the State's failing to provide a refund or other retroactive relief where Newsweek had an adequate predeprivation remedy, we affirm.
Effective July 1, 1987, the Legislature imposed a sales tax on newspapers and magazines. § 212.05(1)(i), Fla. Stat. (1987). Beginning January 1, 1988, the Legislature *362 exempted newspapers from that tax. § 212.08(7)(w), Fla. Stat. (Supp.1988). The retail sale of magazines remained subject to sales tax under section 212.05(1)(i), Florida Statutes (Supp.1988). Magazine Publishers of America, Inc. (an association of which Newsweek is a member), and several individual publishers (but not Newsweek individually) challenged the constitutionality of this tax scheme. The trial court held the tax scheme unconstitutional, and that portion of the trial court's order was affirmed by the Florida Supreme Court in Department of Revenue v. Magazine Publishers of America, Inc., 565 So.2d 1304 (Fla.1990), cert. granted, judgment vacated sub nom. Miami Herald Pub. Co. v. Florida Dep't of Revenue, 499 U.S. 972, 111 S.Ct. 1614, 113 L.Ed.2d 712 (1991). In its first opinion, the Florida Supreme Court held the relevant portions of chapter 212 invalid as violative of the First Amendment of the United States Constitution because it unconstitutionally differentiated between magazines and newspapers. The trial judge also ruled with Magazine Publishers that the appropriate remedy for this unlawful taxing scheme was to extend the exemption allowed newspapers by section 212.08(7)(w) to magazine publishers. The Supreme Court reversed that portion of the order, and ruled that the appropriate remedy was to strike the exemption enjoyed by newspapers and to apply the tax evenly. The United States Supreme Court granted certiorari and vacated the judgment for reconsideration in light of Leathers v. Medlock, 499 U.S. 439, 111 S.Ct. 1438, 113 L.Ed.2d 494 (1991), in Miami Herald Pub. Co. v. Department of Revenue, 499 U.S. 972, 111 S.Ct. 1614, 113 L.Ed.2d 712 (1991). On remand, the Florida Supreme Court again held the taxing scheme unconstitutional in Department of Revenue v. Magazine Publishers of America, Inc., 604 So.2d 459 (Fla.1992), affirming the ruling that the taxing scheme unconstitutionally violated the First Amendment because the discrimination between newspapers and magazines was content-based, but reversing the trial court's order to the extent that it held that magazines were entitled to the same exemption as newspapers. Again, the Florida Supreme Court explained that the Legislature had indicated its intent that the tax should be imposed and that, if there was any invalidity in the taxing scheme, the exemption should fall rather than the tax. The Department has taxed both newspapers and magazines since December 9, 1990. See Fla. Admin. Code R. 12A1.008(1)(a)(1994).
Newsweek filed a timely claim for a refund of sales tax paid between January 1, 1988, and December 9, 1990. That refund claim was denied on February 26, 1995. Newsweek then filed an action in circuit court, seeking the refund. Relying upon the holding of the Florida Supreme Court in Florida Dep't of Revenue v. Magazine Publishers of America, Inc., 604 So.2d 459 (Fla.1992), Newsweek's complaint alleged that the imposition of sales tax on magazines but not upon newspapers in the period between January 1, 1988, and December 9, 1990, was unconstitutional. Count I of the complaint claimed that Newsweek was entitled to a refund of sales tax paid in that interim under the Due Process Clauses of the United States and Florida Constitutions. Count II claimed that the denial of the refund violated section 1983 of Title 42 of the United States Code.[1] Newsweek moved for summary judgment on the basis of Count I only, asserting that Due Process required retroactive relief as a matter of law. That motion was denied.
We must affirm if the trial court was correct for any reason. As the Florida Supreme Court explained in Chase v. Cowart, 102 So.2d 147, 150 (Fla.1958):
Decrees and judgments in cases which come to an appellate court for review are presumed to be correct and free from error. We are required to uphold the lower court if valid grounds exist therefor. While the grounds or reasoning used by the trial court or chancellor are frequently helpful to an appellate court on review, *363 they are not controlling. The decision of the appellate court must be made, not on the basis of whether the trial court or chancellor traveled the proper route, used proper reasoning, or laid his conclusion on proper grounds, but rather on whether his conclusion is correct or incorrect.
See also DSA Group, Inc. v. Gonzalez, 555 So.2d 1234 (Fla. 2d DCA 1989); Whitney v. State, 184 So.2d 207, 209 (Fla. 3d DCA)(applying "doctrine that even if the wrong reasons were given [but] the right result was obtained, the order here under review should be affirmed"), cert. denied mem., 192 So.2d 490 (Fla.1966), cert. dismissed, 389 U.S. 138, 88 S.Ct. 314, 19 L.Ed.2d 343 (1967).
The trial court correctly ruled that Newsweek is not entitled to a refund under the Due Process Clauses of the United States and Florida Constitutions. Newsweek relies upon the holding in McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18, 31, 110 S.Ct. 2238, 2247, 110 L.Ed.2d 17 (1990) that the Due Process Clause requires "meaningful backward-looking relief" when a taxpayer is forced to pay a tax before having an opportunity to establish the unconstitutionality of that tax. Below the Department contended that McKesson is distinguishable because, while the liquor taxes at issue in McKesson were not encompassed within the procedures for predeprivation relief in chapter 72 of the Florida Statutes, the sales tax paid by Newsweek could properly have been contested in a predeprivation proceeding pursuant to section 72.011. We agree that McKesson is distinguishable because that holding was expressly predicated upon the fact that the taxpayer had no meaningful predeprivation remedy. The Court's holding was that states are obligated to provide a meaningful opportunity to secure post-payment relief when the state penalizes the taxpayer for failing to pay first and obtain review of the tax's validity later in a refund action. The penalties which the Supreme Court found coerced taxpayers into paying the tax before contesting the validity of the taxing scheme in McKesson included the possibility that the county sheriff could be directed "to levy upon and sell the delinquent taxpayer's goods and chattels to recover the amount of the unpaid tax plus a penalty of 50%, along with interest of 1% per month" as well as the possibility that the Division might revoke or decline to renew the distributor's license. McKesson, 496 U.S. at 38 n. 20, 110 S.Ct. at 2251 n. 20.
In the present case, the taxpayer could have availed itself of a predeprivation remedy under section 72.011, Florida Statutes (1987). Newsweek had the option of filing suit in circuit court to contest the legality of this tax and paying the amount of the contested tax into the registry of the court. See § 72.011(1), (3)(b). One who contests a tax and utilizes the procedure of paying the contested amount into the registry of the court cannot be said to have evaded the payment of the tax for purposes of liability for the penalty provided in section 212.12(2)(a), nor can the ultimate payment of such funds be considered "in jeopardy" for purposes of the provision in section 212.15(4) (under which a warrant may be issued for collection by the sheriff through levying upon the property of the taxpayer). The taxpayer retains the ownership of the funds paid into the registry of the court, as well as any interest earned on those monies. See Greco v. Tampa Wholesale Co., 522 So.2d 506 (Fla. 2d DCA)(explaining that under Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 101 S.Ct. 446, 66 L.Ed.2d 358 (1980) the funds deposited in the registry of the court did not become public funds, and that earnings thereon were an incident of the ownership of the funds), review denied mem., 531 So.2d 168 (Fla.1988), cert. denied mem., 488 U.S. 1006, 109 S.Ct. 786, 102 L.Ed.2d 778 (1989). Moreover, while section 28.33, Florida Statutes (1995) states, in pertinent part, that "[m]oneys deposited in the registry of the court shall be deposited in interest-bearing certificates at the discretion of the clerk,..." the taxpayer also has the right to file a cash bond or surety bond in the amount of the contested tax assessment, or to seek a court order approving an alternative arrangement. § 72.011(3)(b)2.; see also Don's Sod Co., Inc. v. Florida Dep't of Revenue, 661 So.2d 896 (Fla. 5th DCA 1995). See generally Florida Dep't of Revenue v. Nu-Life Health and Fitness Center, 623 So.2d 747 (Fla. 1st DCA 1992)(section 72.011 not an *364 unconstitutional deprivation of access to courts, because the taxpayer has the alternative of seeking a waiver from the Department of the obligation to pay the contested tax into the registry of the court or to file a motion for court approval of an alternative security arrangement; also finding that there was no denial of access to courts because the taxpayer has the alternative of filing an administrative petition under chapter 120 without having to tender the amount of the contested tax). A taxpayer cannot reasonably be considered liable for penalties for availing himself of the procedure provided in chapter 72. See State ex rel. East Coast Lumber & Supply Co. v. Lee, 127 Fla. 112, 172 So. 722, 728 (1937) (Davis, J., concurring). Thus, the coercive penalties which deprived the taxpayers in McKesson of any effective predeprivation remedy are not factors in this case. The taxpayers in McKesson were subject to onerous penalties if they did not pay the disputed tax before seeking a refund in a proceeding contesting the constitutionality of the tax. They had no predeprivation remedy because section 72.011 was not available to contest the liquor taxes at issue in that case; for that reason, McKesson is inapplicable.
Accordingly, we AFFIRM the order denying Newsweek's motion for summary judgment and granting final summary judgment to the defendants.
DAVIS, J., concurs with written opinion.
BENTON, J., concurs in result with written opinion.
DAVIS, Judge, concurring.
I agree with the decision holding that Newsweek's Due Process rights were not violated by the state's refusal to provide a refund or other retroactive relief to Newsweek. In addition, I believe there is a valid alternative basis for finding McKesson distinguishable and affirming the trial court. In McKesson, the taxpayers filed suit challenging the constitutionality of the taxing scheme and seeking a refund of the taxes paid pursuant to that scheme. The Supreme Court was required to consider the proper remedy for the constitutional violation established in that very case. In contrast, Newsweek asserts that it was not a party to the Magazine Publishers case in which the unconstitutionality of this taxing scheme was determined. Thus, the issue presented in the instant case is not the one found in McKesson (i.e.: the correct remedy to be afforded to the party who has established the unconstitutionality of the tax scheme), but rather whether the Magazine Publishers decision invalidating the tax scheme should be applied retroactively to justify a refund action by one who was not a party to the first case.
In American Trucking Ass'n, Inc. v. Smith, 496 U.S. 167, 110 S.Ct. 2323, 110 L.Ed.2d 148 (1990), the Court held that taxpayers were not entitled to have an intervening case in which the unconstitutionality of a tax was decided applied retroactively to authorize refunds of the tax they had paid while the statute was believed to be valid. American Trucking explains that equitable considerations are relevant to the determination whether a decision should be applied retroactively. 496 U.S. at 179, 110 S.Ct. at 2331. Just as this court reasoned in Dryden v. Madison County, 672 So.2d 840, 843 (Fla. 1st DCA), review granted mem., 678 So.2d 338 (Fla.1996), McKesson did not over-rule Gulesian v. Dade County School Board, 281 So.2d 325 (Fla.1973) in which the court held that equitable considerations justified the denial of refunds of an unconstitutional tax. See also Martinez v. Scanlan, 582 So.2d 1167, 1174, 1175 n. 7 (Fla.1991) (citing both Gulesian and McKesson). The taxing scheme contested successfully in Magazine Publishers was facially content-neutral. It was invalidated because a rule promulgated by the Department of Revenue established that the statutory scheme was being applied discriminatorily based upon content in violation of the First Amendment. Magazine Publishers, 604 So.2d at 461-62. Equitable considerations do not justify the retroactive application of the Magazine Publishers decision in refund actions brought by taxpayers who were not parties to the Magazine Publishers suit, based upon the fact that this statute was facially content-neutral as well as the Leathers v. Medlock, 499 U.S. 439, 111 S.Ct. 1438, 113 L.Ed.2d 494 (1991) decision holding that distinctions in taxation between different *365 types of media are not necessarily violative of the First Amendment.
BENTON, Judge, concurring in result.
I concur on the narrow ground that sections 72.011(1) and 120.575, Florida Statutes (1987), taken together, "provided a fair and meaningful predeprivation procedure," McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18, 38 n. 21, 110 S.Ct. 2238, 2251, 110 L.Ed.2d 17 (1990), which the taxpayer bypassed at its peril.
NOTES
[1] Newsweek has not appealed the circuit court's order granting summary judgment as to Count II. See Witmer v. University of Florida Police Department, 610 So.2d 87, 88 (Fla. 1st DCA 1992)(affirming order granting motion to dismiss "to the extent it dismisses the section 1983 action against the state and its officers sued in their official capacity").