NEWSWEEK, INC. *v.* FLORIDA DEPARTMENT OF REVENUE ET AL.

No. 97–663.   Decided February 23, 1998

PER CURIAM.

Effective January 1, 1988, Florida exempted newspapers, but not magazines, from its sales tax. See Fla. Stat. §§ 212.08(7)(w), 212.05(1)(i) (Supp. 1988).   In 1990, the Florida Supreme Court found this classification invalid under the First Amendment of the Constitution of the United States. See *Department of Revenue* v. *Magazine Publishers of America, Inc.*, 565 So. 2d 1304 (1990), vacated and remanded,

*Miami Herald Publishing Co.* v. *Dept. of Revenue,* 499 U. S. 972 (1991), reaff'd, 604 So. 2d 459 (1992). In the wake of this ruling, Newsweek, a magazine, filed a claim for a refund of sales taxes it had paid between 1988 and 1990. See Fla. Stat. § 215.26(1) (Supp. 1998) ("The Comptroller of the state may refund . . . any moneys paid into the State Treasury").

When the Department of Revenue denied the refund, Newsweek filed suit, alleging the State's failure to accord it retroactive relief violated its due process rights under *McKesson Corp.* v. *Division of Alcoholic Beverages and Tobacco, Fla. Dept. of Business Regulation,* 496 U. S. 18 (1990). The Florida trial court granted summary judgment against Newsweek, and the District Court of Appeal affirmed. Although acknowledging *McKesson's* requirement of "meaningful backward-looking relief" when a taxpayer is forced to pay a tax before having an opportunity to establish its unconstitutionality, the District Court of Appeal held: "*McKesson* is distinguishable because that holding was expressly predicated upon the fact that the taxpayer had no meaningful predeprivation remedy." 689 So. 2d 361, 363 (1997). The court interpreted Florida law to permit prepayment tax challenges by filing an action and paying the contested amount into the court registry, posting a bond, or obtaining a court order approving an alternative arrangement. See *id.,* at 363–364 (citing Fla. Stat. § 72.011 (1987)). The court concluded Newsweek was afforded due process because it could have pursued this prepayment remedy without suffering onerous penalties. See 689 So. 2d, at 364.

The District Court of Appeal's decision failed to consider our decision in *Reich* v. *Collins,* 513 U. S. 106 (1994). There, the Georgia Supreme Court had rejected a taxpayer's refund claim filed pursuant to a general refund statute, dismissing any due process concerns because a predeprivation remedy was available. See *id.,* at 110. While assuming the constitutional adequacy of Georgia's predeprivation procedures, we nonetheless reversed because "no reasonable taxpayer

would have thought that [the predeprivation procedures] represented, in light of the apparent applicability of the refund statute, the exclusive remedy for unlawful taxes." *Id.*, at 111 (emphasis deleted). Until the Georgia Supreme Court's ruling, the taxpayer had no way of knowing from either the statutory language or case law that he could not pursue a postpayment refund and was relegated to a predeprivation remedy. See *id.*, at 111–112. We emphasized a State "has the flexibility to maintain an exclusively predeprivation remedial scheme, so long as that scheme is 'clear and certain.'" *Id.*, at 110–111. But a State may not "bait and switch" by "hold[ing] out what plainly appears to be a 'clear and certain' postdeprivation remedy and then declare, only after the disputed taxes have been paid, that no such remedy exists." *Id.*, at 111, 108.

Under Florida law, there was a longstanding practice of permitting taxpayers to seek refunds under § 215.26 for taxes paid under an unconstitutional statute. See, *e. g.*, *State ex rel. Hardaway Contracting Co.* v. *Lee*, 155 Fla. 724, 21 So. 2d 211 (1945). At Florida's urging, federal courts have dismissed taxpayer challenges, including constitutional challenges, because § 215.26 appeared to provide an adequate postpayment remedy for refunds. See Tax Injunction Act, 28 U. S. C. § 1341 ("The district courts shall not enjoin . . . any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State"); see, *e. g.*, *Osceola* v. *Florida Dept. of Revenue*, 893 F. 2d 1231, 1233 (CA11 1990); *Rendon* v. *State of Fla.*, 930 F. Supp. 601 (SD Fla. 1996). This Court, too, has interpreted Florida law to provide a postpayment remedy. See *McKesson, supra*, at 24, n. 4 ("It appears . . . Florida law does not require a taxpayer to pay under protest in order to preserve the right to challenge a remittance in a postpayment refund action"). The State does not dispute this settled understanding. The effect of the District Court of Appeal's decision below, however, was to cut off Newsweek's recourse to § 215.26. While

Florida may be free to require taxpayers to litigate first and pay later, due process prevents it from applying this requirement to taxpayers, like Newsweek, who reasonably relied on the apparent availability of a postpayment refund when paying the tax.

Newsweek is entitled to a clear and certain remedy and thus it can use the refund procedures to adjudicate the merits of its claim. We grant the petition for a writ of certiorari, vacate the judgment, and remand the case for proceedings not inconsistent with this opinion.

*It is so ordered.*