[No. 24358-0-II.   Division Two.   September 15, 2000.]

KALAMA CHEMICAL, INC., ET AL., *Appellants*, v. THE STATE OF WASHINGTON, *Respondent*.

578

*Franklin G. Dinces*, for appellants.

*Christine O. Gregoire, Attorney General*, and *Anne E. Egeler, Assistant*, for respondent.

ARMSTRONG, C.J. — Kalama Chemical, Inc. and Advanced Technology Laboratories, Inc. (ATL), two companies that manufacture products sold primarily out of the state, sued the State of Washington for taking their property without just compensation and for not refunding taxes paid. The takings claim is based upon Washington Business and Occupation (B&O) taxes collected between 1980 and 1985. The United States Supreme Court found the taxes to be unconstitutional under the Commerce Clause. *Tyler Pipe Indus., Inc. v. Department of Revenue*, 483 U.S. 232, 107 S. Ct. 2810, 97 L. Ed. 2d 199 (1987) (*Tyler Pipe* II). But on remand, the Washington Supreme Court denied the taxpayers a refund, holding that *Tyler Pipe* II applied prospectively only. *National Can Corp. v. Department of Revenue*, 109 Wn.2d 878, 749 P.2d 1286 (1988) (*National Can* II), *overruled by Digital Equip. Corp. v. Department of Revenue*, 129

Wn.2d 177, 916 P.2d 933 (1996). In response to *National Can* II, the Washington Legislature amended the refund statute, providing a tax credit rather than a refund for taxes unlawfully collected. Kalama and ATL contend that the State's collection of the taxes followed by the court's holding in *National Can* II amounted to an unconstitutional taking, requiring just compensation. Kalama and ATL also claim a refund, under RCW 82.32.180, for B&O taxes paid between June 20, 1985, and July 23, 1987.

The trial court granted summary judgment for the State, ruling that res judicata barred the claim for taxes paid between 1980 and 1985 and that collateral estoppel barred the claim for taxes paid between 1985 and 1987. The issues raised have been decided by the Washington Supreme Court. Kalama and ATL are limited to a credit for taxes unlawfully collected; the credit scheme applies to taxes paid between 1980 and 1987; and the credit system does not violate the Commerce Clause. We affirm.

## FACTS

Kalama and ATL manufacture products in Washington, which are sold primarily in other states. Both companies paid Washington manufacturing B&O taxes from January 1, 1980, through July 23, 1987. The taxes, according to Kalama and ATL, were paid "under threat of penalties, interest and business closure."

Both parties, along with a number of other companies, sought a refund of B&O taxes paid through June 19, 1985, in *National Can Corp. v. Department of Revenue*, 105 Wn.2d 327, 732 P.2d 134 (1986) (*National Can* I), *vacated*, *Tyler Pipe* II, 483 U.S. 232 (1987). The Washington Supreme Court held that the B&O tax statute, RCW 82.04.440, did not violate the Commerce Clause. *National Can* I, 105 Wn.2d at 330, 343. On appeal, the United States Supreme Court held that the Washington B&O tax discriminated against interstate commerce in violation of the Commerce Clause. *Tyler Pipe*

II, 483 U.S. at 248.[1] On remand, our Supreme Court held that *Tyler Pipe* II applied prospectively only. *National Can* II, 109 Wn.2d at 895. Therefore, Kalama and ATL's request for retroactive relief, in the form of a tax refund, was denied. *National Can* II, 109 Wn.2d at 895.

In 1989, Kalama and ATL filed their current complaints seeking just compensation and a refund of taxes paid. Kalama seeks compensation for approximately $511,000 paid between 1980 and 1985, as well as a refund for approximately $358,000 paid between 1985 and 1987. ATL seeks compensation for approximately $1,148,000 paid between 1980 and 1985, as well as a refund for approximately $480,000 paid during 1985 and 1987. Kalama did not pay any gross receipts taxes to other states during this time period. ATL claims to have paid $6,591 in gross receipts taxes to other states during this period.

At the time Kalama and ATL paid the taxes, a taxpayer could sue for a refund of taxes wrongly collected. Former RCW 82.32.180 (1987). In 1987, the Washington Legislature responded to the holding in *Tyler Pipe* II by amending the B&O tax exemption statute and replacing the multiple activities exemption with a two-way credit scheme.[2] Former RCW 82.04.440 (1987). The two-way credit scheme applies retroactively. Laws of 1987, 2d Ex. Sess., ch. 3, § 3. *See also W.R. Grace & Co. v. Department of Revenue*, 137 Wn.2d 580, 584, 973 P.2d 1011, *cert. denied*, 528 U.S. 950 (1999).

---

[1] *Tyler Pipe* II was a consolidated appeal from *National Can* I, 105 Wn.2d 327 and *Tyler Pipe Industries, Inc. v. Department of Revenue*, 105 Wn.2d 318, 715 P.2d 123 (1986) (*Tyler Pipe* I).

[2] In a one-way credit scheme a taxpayer would receive credit against the manufacturing tax for wholesale tax paid to another state. A two-way credit scheme adds a credit against wholesale taxes for manufacturing taxes paid to another state to the one-way credit scheme.

## ANALYSIS

### I. Summary Judgment Standard of Review

■ When reviewing an order of summary judgment, we engage in the same inquiry as the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. CR 56(c). Here, the summary judgment involves only questions of law.

### II. Refund of B&O taxes paid between January 1980 and July 23, 1987

■ Kalama and ATL, relying on United States Supreme Court cases decided after *National Can* II, argue that Washington must refund unconstitutional taxes. Washington, according to Kalama and ATL, may not hold out a refund as an available remedy at the time the taxes are paid, and then deny the refund after the taxes are paid. *See Newsweek, Inc. v. Florida Dep't of Revenue*, 522 U.S. 442, 118 S. Ct. 904, 139 L. Ed. 2d 888 (1998); *Reich v. Collins*, 513 U.S. 106, 115 S. Ct. 547, 130 L. Ed. 2d 454 (1994).

The same argument was rejected by our Supreme Court in *W.R. Grace*. The court held that the "bait and switch" arguments of *Newsweek* do not apply because the "credits provided in the 1987 remedial statute are the appropriate remedy in this instance." *W.R. Grace*, 137 Wn.2d at 599. And the credit system applies retroactively to taxes paid before 1987. *W.R. Grace*, 137 Wn.2d at 603. Thus, Kalama and ATL are entitled to credits, not refunds, for B&O manufacturing taxes paid between 1980 and 1987 if they

paid manufacturing or selling taxes to other jurisdictions for the same products.[3]

Kalama and ATL contend, however, that *W.R. Grace* is not controlling for the taxes paid between 1980 and 1985. They argue that *W.R. Grace* was an action for a refund and the action here is a new, independent action under the Fifth Amendment for a taking without just compensation. And, according to Kalama and ATL, the only just compensation for collecting an unconstitutional tax is the same amount of money plus interest. This argument assumes that the manufacturing tax, as it existed before 1987, was a nullity as a result of the United States Supreme Court decision holding it unconstitutional. *American National Can Corp. v. Department of Revenue*, 114 Wn.2d 236, 787 P.2d 545 (1990); *Digital*, 129 Wn.2d 177; and *W.R. Grace*, 137 Wn.2d 580, teach otherwise.

The constitutional problem with the tax before 1987 was that it could discriminate against interstate manufacturers who might be subject to a comparable tax on goods sold in another state. *Tyler Pipe* II, 483 U.S. at 248. The 1987 two-way credit system eliminated this constitutional defect. *American Nat'l Can*, 114 Wn.2d at 249; *Digital*, 129 Wn.2d at 194; *W.R. Grace*, 137 Wn.2d at 603-04. And because the credit system was intended to be, and has been held to be, retroactive, Kalama and ATL have suffered no discriminatory double taxation. Finally, because the constitutional flaw in the statute was not a lack of State authority to impose it, the tax, before 1987, was not a nullity. *W.R. Grace*, 137 Wn.2d at 595-96. It follows that the State has not taken Kalama and ATL's property without just compensation. The State was entitled to collect the manufacturing tax from Kalama and ATL between 1980 and 1987 so long as Kalama and ATL were not subject to out-of-state taxation on the same activity. The retroactive credit system prevents such double taxation. Kalama and ATL are en-

---

[3] The State concedes that Kalama and ATL are entitled to credits for taxes paid to other states since 1980.

titled to a credit for any comparable tax paid out-of-state on the same goods during the same period.

We affirm.

HOUGHTON and BRIDGEWATER, JJ., concur.

Review denied at 143 Wn.2d 1006 (2001).