Stephen M. HAY, Wawasee Airport, Inc., Suzanne Bishop, and Michael Umbaugh, Plaintiffs,

v.

INDIANA STATE BOARD OF TAX COMMISSIONERS, Jon Laramore, as Chairman of the Indiana State Board of Tax Commissioners, Gordon McIntyre, as a member of the Indiana State Board of Tax Commissioners, and Lisa Acobert, as a member of the Indiana State Board of Tax Commissioners, Defendants.

No. CIV.3:01cv583AS.

United States District Court, N.D. Indiana, South Bend Division.

Dec. 20, 2001.

Michael F. DeBoni, Goshen, IN, Brian L. Hoofer, Randy Spitaels, Nappanee, IN, David L. Pippen, Indianapolis, IN, for Plaintiffs.

David A. Arthur, Deputy Atty. Gen., Indianapolis, IN, for Defendants.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This matter is before the court on the Defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Plaintiffs assert that jurisdiction is properly asserted over this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331. For the following reasons the court finds that subject matter jurisdiction over this matter is lacking pursuant to 28 U.S.C. § 1341. Therefore the Defendants' motion to dismiss is now **GRANTED.**

### I. BRIEF BACKGROUND

The Plaintiffs in this matter include various taxpayers who own real estate in Kosciusko and Elkhart County, Indiana. The Plaintiffs contend that the various regulations promulgated by the State Board of Tax Commissioners ("State Board") have violated their constitutional rights under the Due Process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution. (See P's Compl. at ¶ 6). On August 15, 2001, these Plaintiffs filed a complaint seeking a declaratory judgment and other equitable relief in an effort to find that the State Board's continued use of its various regulations for property assessment to be violative of those constitutional guarantees.

The problems with the current property tax structure are long-standing and well documented. See *Town of St.John v. State Bd. of Tax Comm'rs,* 665 N.E.2d 965 (Ind.Tax 1996) (*"St. John I"*); *Boehm v. Town of St. John,* 675 N.E.2d 318 (Ind. 1996) (*"St. John II"*); *Town of St. John v. State Bd. of Tax Com'rs,* 690 N.E.2d 370 (Ind.Tax 1997)(*"St. John III"*); *Town of St. John v.State Bd. of Tax Comm'rs,* 691 N.E.2d 1387, 1390 (Ind.Tax 1998) (*"St.*

*John IV"*); *State Bd. of Tax Com'rs v. Town of St. John,* 702 N.E.2d 1034 (Ind. 1998)(*"St. John V"*). As a result of the protracted litigation in the *St. John* series the State Board of Tax Commissioners issued new assessment regulations. The various rules, manuals, and guidelines for the upcoming 2002 general reassessment became effective on May 23, 2001 after being signed by the Governor.

The gravamen of the Plaintiffs' complaint centers around their contention that no remedy exists for their injuries as a result of the assessments that occurred prior to the enactment and implementation of these new assessment guidelines. Further, the Plaintiffs contend that no state remedy exists that allows them to put forward their federally protected constitutional rights in a "speedy" manner. In support of this contention the Plaintiffs allege that the Indiana Tax Court has ruled that current challenges to real property assessments must be made using the current (unconstitutional) regulations. (P's Compl. at ¶ 11). The Plaintiffs assert that because the Indiana courts have refused to address any federal constitutional arguments based upon a facial challenge to the current assessment system any exercise to utilize the appeal process by way of the State Board of Tax Examiners then to the Indiana Tax Court would be futile. Finally, they assert that their only relief for the alleged violations of their federal constitutional rights can be achieved through this court. See (P's Compl. at ¶ 15). On October 15, 2001, the Defendants filed a motion to dismiss the complaint for lack of subject matter; they rely primarily upon 28 U.S.C. § 1341 for their contention that this court is without jurisdiction.

### II. STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a case will

be dismissed if the court lacks the statutory authority to hear and decide the dispute. Under 28 U.S.C. § 1331 a case arises under federal law only if, from the face of the plaintiffs' complaint, it is apparent that plaintiffs' cause of action was created by federal law. *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090 (7th Cir.1994), *cert. denied* 512 U.S. 1222, 114 S.Ct. 2711, 129 L.Ed.2d 838 (1994). The United States Supreme Court has interpreted and applied the "Tax Injunction Act" as a "jurisdictional rule" and a "broad jurisdictional barrier." *Arkansas v. Farm Credit Serv. of Cent. Arkansas*, 520 U.S. 821, 825–26 117 S.Ct. 1776, 138 L.Ed.2d 34 (1997) citing *Moe v. Confederated Salish and Kootenai Tribes of Flathead Reservation*, 425 U.S. 463, 470, 96 S.Ct. 1634, 1640, 48 L.Ed.2d 96 (1976).

█ In evaluating a substantive attack on federal subject matter jurisdiction, the court will not presume the factual allegations made by the Plaintiffs as true. *Bastien v. AT&T Wireless Sers. Inc.*, 205 F.3d 983, 990 (7th Cir.2000). The court can weigh the evidence before it and find the facts. *Commodity Trend Serv. Inc. v. Commodity Futures Trading Com'n* 149 F.3d 679, 685 (7th Cir.1998).

### III. DISCUSSION

#### A. TAX INJUNCTION ACT

█ In an effort to promote the principles of federalism and comity between state courts and federal courts, Congress enacted the Tax Injunction Act in 1937. See *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 505, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981). The act provides the following:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and effective remedy may be had in the courts of such State. 28 U.S.C. § 1341 (1993).

"The Act applies to declaratory relief as well as injunctive relief." *Indiana Waste Sys., Inc. v. County of Porter*, 787 F.Supp. 859, 865 (N.D.Ind.1992) citing *California v. Grace Brethren Church*, 457 U.S. 393, 408, 102 S.Ct. 2498, 2507, 73 L.Ed.2d 93 (1982).

In *Rosewell*, Justice Brennan goes to great length in analyzing what constitutes "a plain, speedy and effective remedy." See 450 U.S. at 512–524, 101 S.Ct. 1221. He notes that the such words appear "to require a state-court remedy that meets certain minimal *procedural* criteria." (Emphasis in original); 450 U.S. at 512, 101 S.Ct. 1221. In an effort to more fully understand this congressional enactment, Justice Brennan relies on several passages gleaned from the legislative history. 450 U.S. at 513, 101 S.Ct. 1221. Justice Brennan notes that "Senator Bone, the Act's primary sponsor, referred to the plain, speedy and efficient remedy: provision and then stated: Thus a full hearing and judicial determination of the controversy is assured." *Id.* citing 81 Cong. Rec. 1416 (1937)(Internal quotations omitted). Furthermore, Justice Brennan noted that the Senate Report added that "[a]n appeal to the Supreme Court of the United States is available as in other cases." *Id.* citing S.Rep. No. 1035, 75th Cong., 1st Sess., 2 (1937).

The Seventh Circuit has not only had the opportunity to address 28 U.S.C. § 1341 on several occasions; it has addressed that provision in the context of tax assessment on real property and personal property tax as applied under Indiana law. See *Miller v. Bauer*, 517 F.2d 27 (7th Cir.1975); *Sacks Brothers Loan Co. v. Cunningham*, 578 F.2d 172 (7th Cir.1978). As demonstrated by these two cases Indiana provides a system for relief that

comports with the principles later espoused by Justice Brennan in *Rosewell.*

In *Miller,* a decision emanating from this court and this judge, the Seventh Circuit outlined the statutory procedures available to a taxpayer to challenge a property tax assessment. *Miller,* 517 F.2d at 32. Circuit Judge Pell noted that a taxpayer can appeal the assessment to the County Board of Review, then to the State Board, a county circuit court, and finally to the Indiana Supreme Court. *Id.* citing Indiana Code §§ 6–1.1–31–1 to 6–1.1–31–5. Furthermore, as noted in the opinion, "The taxpayer may, of course, appeal the decision of the Indiana Supreme Court to the United States Supreme Court." *Id.* at 32.

▮ Furthermore, as discussed in *Sacks Brothers Loan,* the statutory scheme provides a refund procedure for property taxes assessed and that are later found to be illegal as a matter of law. *Sacks Brothers Loan Co.,* 578 F.2d at 175 citing Indiana Code § 6–1.1 –26–1. That procedure provides the following:

> A person ... may file a claim for the refund of all ... of a tax assessment which he has paid. However the claim must be:
>
> (1) Filed with the auditor of the county in which the taxes were originally paid;
>
> (2) Filed within three (3) years after the taxes were first due;
>
> (3) Filed on the form prescribed by the state board of accounts and approved by the state board of tax commissioners; and
>
> (4) Based upon one (1) of the following grounds: ...
>
> (ii) *The taxes, as a matter of law, were illegal.* (Emphasis Added) Ind.Code § 6–1.1–26–1(1998)

As demonstrated by *Sacks Brothers Loan* and *Miller,* a taxpayer has two avenues in which to seek redress for any given property tax assessment, either through a direct challenge of the assessment or by paying the assessment and then seeking a refund based upon its illegality as a matter of law. Although some minor changes have resulted over the years to the direct appeal process, similar procedures exist today allowing for a taxpayer to contest their property tax assessment commensurate with the principles under *Rosewell.*

The current system used to challenge a property tax assessment is much like the one described in *Sacks Brothers Loan.* First, the taxpayer may seek review of the assessment by the County Property Tax Assessment Board of Appeals. See Ind. Code § 6–1.1–15–1b. If a taxpayer is unhappy with that decision an appeal to the State Board of Tax commissioners may be had. Ind.Code § 6–1.1–15–3. These first two levels of review are in the form of an administrative review before various state and local officials. See Ind.Code §§ 6–1.1–28–1 (et seq.); 6–1.1–30–1(et seq.). The next level of review involves judicial review with the Indiana Tax Court. Ind.Code § 6–1.1–15–5. An adverse decision at that level may proceed to the Indiana Supreme Court. Rule 63 of the Indiana Rules of Appellate Procedure provides that any party adversely affected by a Final Judgment of the Tax Court shall have a right to petition the Supreme Court for review of the decision. See Ind. Appellate Rule 63. Finally, as indicated in *Miller,* the United States Supreme Court remains as the final stop with respect to the judicial review of any tax assessment. 517 F.2d at 32.

Here the Plaintiffs are not contesting the procedural adequacy of the statutory remedies. They base their claims solely on the fact that the Indiana Tax Court and Indiana Supreme Court "will not analyze" federal constitutional claims, regardless of their merits. (See P's Brief at p. 12) citing *Barth v. St. Bd. of Tax Com'rs,* 756 N.E.2d

1124 (Ind.Tax2001); *Bishop v. State Bd. of Tax Com'rs*, 743 N.E.2d 810 (Ind.Tax 2001), *transfer denied*, 753 N.E.2d 15 (Ind. 2001). While the Indiana Tax Court has determined that it will no longer entertain facial constitutional challenges to the existing State Board regulations, the Indiana Tax Court is willing and has addressed "as applied" challenges to an individual's property tax assessment. See *Bishop* at 813.[1] Further, a close examination of the cases cited by the Plaintiffs demonstrates that no federal claim was even presented during the administrative hearings or to the Indiana courts.

Furthermore, the record does not reflect whether the one Plaintiff who has presented her claims under the statutory scheme has even attempted to appeal her constitutional violation to the United States Supreme Court.[2] This is an avenue which is clearly open to a taxpayer who wishes to put forth a claim that a state tax violates some provision of the United States Constitution; a position strongly advocated here. The various Supreme Court decisions cited by the Plaintiffs support this very course. *Curry v. McCanless*, 307 U.S. 357, 364, 59 S.Ct. 900, 904, 83 L.Ed. 1339 (1939).(appeal from the Supreme Court of Tennessee); *McKesson Corp. v. Division of Alcoholic Beverages & Tobac-* co, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990)(Supreme Court of Florida); *Newsweek v. Florida Department of Revenue*, 522 U.S. 442, 118 S.Ct. 904, 139 L.Ed.2d 888 (1998) (Supreme Court of Florida); *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) (Supreme Court of Virginia); *Reich v. Collins*, 513 U.S. 106, 108, 115 S.Ct. 547, 130 L.Ed.2d 454 (1994), (Supreme Court of Georgia). As contemplated by the various cases cited above this is the avenue that must be pursued rather than seeking to attack the system collaterally in this court. Therefore, the Plaintiffs contention that no remedy exists is without merit.

Next, the Plaintiffs argue that their claims should not be barred by the Tax Injunction Act based upon the current Indiana statutory scheme's failure to provide a "speedy" remedy to them. As the Defendants correctly point out the language used in the Tax Injunction Act requiring a "plain, speedy and efficient" remedy is essentially the same as the "plain, adequate and complete" standard employed in cases involving comity. *Fair Assessment in Real Estate Assn., Inc. v. McNary*, 454 U.S. 100, 116 n. 8, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). A review of the cases employing the Tax Injunction

---

1. The refusal by the Indiana Tax Court to no longer address facial challenges to the State Board's regulations makes perfect sense in light of its decision and that of the Indiana Supreme Court that the system as a whole is infirm under the Indiana Constitution. Furthermore the Indiana Tax Court has ordered that a new constitutional system be put in place. The court takes judicial notice that such a system has been put into place and was signed by the Governor in May of 2001. Therefore, in light of the daunting task of implementing an entire new system for property tax assessment in Indiana, the entertainment of only "as applied" challenges to an assessment is the only sound and logical way for the Indiana Tax Court to address such constitutional challenges to the various tax assessment appeals. As Judge Fisher notes in *Bishop*, a taxpayer can present evidence that the tax assessment is unconstitutional as it applies to his specific situation. *Bishop*, 743 N.E.2d at 813. Further, if a taxpayer demonstrates that the regulations were applied in an unconstitutional manner then the State Board will have abused its discretion under the regulations. *Id.*

2. The record does not reflect whether the remaining Plaintiffs have even sought review under the Indiana statutory scheme to challenge their property tax assessments under an "as applied" challenge.

Act appear to focus on the adequacy and completeness of the state remedy rather than the speed (i.e. temporal expediency) with which those state remedies present themselves. See *Long Island Lighting Company v. Town of Brookhaven*, 889 F.2d 428, 433 (2d. Cir.1989)(Delays in excess of twelve (12) years did not undermine the proscription of Tax Injunction Act.).

The system is set up in a manner that addresses the assessment determination in the most expeditious way possible given the potential number of property assessment contests. The court notes that in Ms. Bishop's case the County Board affirmed the assessment on March 20, 1997. Next, she appealed that decision on April 22, 1997 and was given a hearing by the State Board on March 3, 1998. The State Board issued its decision on February 23, 1999. Ms Bishop filed her appeal with the Indiana Tax Court on April 7, 1999 and was afforded a trial on September 9, 1999. The Indiana Tax Court then heard oral arguments on May 5, 2000 and a final decision was issued on February 14, 2001. While the period of time seems lengthy, it is not out of the ordinary considering the various administrative levels that a property tax assessment contest must go through. Furthermore, the alternative would create a dual system of contesting one's property tax assessment if this court were to allow the Plaintiffs to proceed. The interests of federalism and comity militate strongly against this outcome.

 Next, the Plaintiffs argue that the system fails to provide them with a "full hearing and judicial determination" because the Indiana Tax Court is given neither *de novo* review nor final authority over appeals from the administrative hearings below. Basically, their argument is that because the Indiana Tax Court's scope of review is limited to a determina-

tion of whether or not there is any substantial evidence to support the finding and order of the State Board below, any review by the Indiana Tax Court somehow takes the process out of the plain, speedy and efficient remedy requirement of the Tax Injunction Act. The Plaintiffs cite no case in support of this proposition.

Furthermore, the court notes that similar types of judicial review of an administrative body's determination exist without denying a party due process and a full and fair hearing of his or her case. See *Dixon v. Massanari*, 270 F.3d 1171 (7th Cir. 2001)("The Social Security Act limits the scope of judicial review, providing that the agency's findings of fact are conclusive so long as substantial evidence supports them and no error of law occurred."); *American Grain Trimmers, Inc. v. Office of Workers' Comp. Programs*, 181 F.3d 810, 818–19 (7th Cir.1999)("When considering an appeal from the BRB, we evaluate the propriety of the ALJ's underlying decision. In so doing, we ask whether the ALJ's decision is 'supported by substantial evidence, in accord with the law, and not irrational.' "). The fact that the Indiana Tax Court's review is limited to the evidentiary record below does not take the statutory framework for appealing a property tax assessment outside of the jurisdictional bar of the Tax Injunction Act. As noted in *Miller* the remedies provided by the Indiana statutory framework provide an adequate remedy within the state system and this court may not be used as an end run around those procedures.

## B. ROOKER FELDMAN

Having found that the Plaintiffs complaint should be dismissed on the grounds that this court lacks jurisdiction pursuant to 28 U.S.C. § 1341, the court finds that the arguments put forward by the Defen-

dants on the basis of the Rooker–Feldman doctrine are now moot.

## IV. CONCLUSION

For the foregoing reasons the Defendants motion to dismiss pursuant to Rule 12(b)(1) is now **GRANTED.** Each party to bear its own costs. **IT IS SO OR-DERED.**